UNITED STATES of America, Appellee,

v.

Mary STUART, Appellant.

No. 16710.

United States Court of Appeals Third Circuit.

Argued Jan. 12, 1968.

Decided April 4, 1968.

300(b) under which assignments of wages not consented to in writing by the other spouse, are declared invalid.

Frank J. McDonnell, Casey, Haggerty & McDonnell, Scranton, Pa. (Robert P. Casey, Scranton, Pa., on the brief), for appellant.

Carlon M. O'Malley, Jr., Asst. U. S. Atty., Scranton, Pa. (Bernard J. Brown, U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

On January 24, 1959, Stuart Lumber Company, Inc. ("Company") obtained a loan of $150,000 from the First National Bank of Carbondale ("Bank") and the Small Business Administration ("SBA"), an agency of the United States. As additional collateral security, Joseph Stuart and Mary Stuart, his wife, executed a guaranty agreement and a confession of judgment in favor of the Bank, its successors and assigns.

In March 1962, the loan being in default, the Bank assigned all documents held by it to the SBA. On July 16, 1962, a judgment was entered in favor of the United States and against the Company. Because there was a deficiency, on July 16, 1962, the United States filed an appearance and used the confession to cause a judgment to be entered in its favor and against Mary Stuart, her husband having died in the meantime. The confession of judgment was entered "by virtue of the Warrant of Attorney hereto attached and which is part of the Guaranty also at-

tached * * *." [1] The confession was signed by an Assistant United States Attorney. The only record evidence at that time of a connection between the United States and the transaction consisted of an affidavit showing appellant's non-military status. It was executed, as it recites, by an employee of the SBA, "an agency of the government of the United States".

On May 18, 1965, the appellant filed a motion to vacate and set aside the judgment against her because the United States was a stranger to the guaranty and confession of judgment and because it was entered in excess of the authority conferred by the Warrant of Attorney.

The United States then moved under F.R.Civ.P. 60(a) to amend the judgment by adding to the record a document entitled "Statement and Confession," which for the first time alleged jurisdiction and venue and attached the guaranty and confession of judgment, as well as an assignment dated March 1, 1962, by which the Bank assigned the various documents to the SBA. The motion of the United States alleged that the statement and confession and exhibits thereto were "inadvertently omitted" from the record at the time the judgment was entered.

After argument the district court entered an order granting the motion of the United States and denying appellant's motion. She appeals both matters.

Appellant contends, in essence, that Rule 60(a) [2] does not authorize the re-

lief which the district court granted the United States. She argues that the Rule 60(a) applies only to minor clerical errors; that the mistakes here made by the United States were substantial and therefore came within Rule 60(b) [3] and were not cognizable thereunder because they were asserted more than one year after the entry of the judgment.

■ Without seeking to refine the matter unduly, it seems to us that Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it. To that end 60(a) permits, inter alia, reasonable additions to the record. In contrast, Rule 60(b) is concerned with changing a final judgment, etc. In such a case the moving party understandably shoulders a much heavier burden.

There is no question but that the material which the United States was permitted to add to the record by virtue of the district court's action in granting its motion was supportive of the judgment, was in existence at the time the judgment was entered and reflected the contemporaneous intention of the Bank and the United States with respect to the matter. It was not claimed that its omission was other than inadvertent.

■ The documents inadvertently omitted from the record at the time the judgment was entered are, in our view, of the type to which Rule 60(a) can here

---

**I.** As further developed, however, the guaranty was not attached.

**2.** "(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *"

**3.** "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may re-

lieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

properly apply. Additionally, we note that we are not concerned with the rights of intervening third parties or a prejudicial change of circumstance. The appellant was not without knowledge of the Government's connection with the transaction out of which this judgment ultimately arose. Indeed, the non-military service affidavit, which was filed with the judgment, was executed by an officer of the SBA.

The appellant contends that her motion to vacate should nevertheless have been granted because the Warrant of Attorney did not authorize the entry of judgment in favor of the United States in the district court.

The appellant's contention is based on language in the Warrant of Attorney. It provides in pertinent part:

"And further, the undersigned does hereby authorize and empower any attorney of any court of record of Pennsylvania, or elsewhere, to appear for and to confess judgment against them for the above sum, as of any term, past, present or future, with or without declaration, with costs of suit, release of errors, without stay of execution, and with five per cent added for collecting fees; and does also waive the right of inquisition on any real estate that may be levied upon to collect this indebtedness, and does hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the Fi. Fa. said voluntary condemnation and does further agree that said real estate may be sold on a Fi. Fa. and does hereby waive and release all relief from any and all appraisement, stay or exemption laws of any state, now in force, or hereafter to be passed."

■■ The appellant contends that the references to "Prothonotary" and to "Fi. Fa." necessarily exclude the federal judicial system. Thus, she says, the Warrant of Attorney was not intended to grant authority to confess judgment in a federal court. The language authorizing any attorney of a court of record of Penn-

sylvania, or elsewhere to confess judgment refers to attorneys rather than particular courts. It must have been intended to apply to some courts. The issue is which ones. Certainly the district court is a court of record. Nor is there any legal prohibition against entering a judgment by confession in a court of the United States, if federal jurisdiction exists. 6A Moore Federal Practice, Para. 58.09 (2nd ed. 1966). It does not mesh with all the language of the confession to say that it was limited to state courts of record. Obviously a federal court outside of Pennsylvania would also be a court of record "elsewhere." It would not be reasonable to say that the power was limited to state courts of record within Pennsylvania and yet was made applicable to federal courts outside of Pennsylvania. We think the language also embraces the federal district courts within the State of Pennsylvania. The reference to "Prothonotary" and "Fi. Fa." in the confession does not change our view. To the extent those terms are here meaningful, we note that their substantial equivalents are found in the federal system.

■ Appellant argues finally that the assignment was from the Bank to SBA and thus the United States did not have standing in the district court. The appellant points out that under 15 U.S.C.A. § 634(b) the Administrator of the SBA has the power to sue and be sued in connection, inter alia, with the type of assignment here involved. The United States answers that the SBA is a nonincorporated federal agency and an integral part of the United States Government; that, while the Administrator may sue, the United States may also sue on this type of claim as the real party in interest, cf., United States v. Morrisdale Coal Co., 46 F.Supp. 356 (E.D.Pa.), aff'd., 135 F.2d 921 (3rd Cir. 1942), cert. denied 320 U.S. 756, 64 S.Ct. 64, 88 L.Ed. 451 (1943). The language of Section 634(b) is not exclusive. We agree that the United States was a proper party to the judgment. Compare United States v. Anasae International

Corp., 197 F.Supp. 926 (S.D.N.Y.1961). The appellant's motion was properly denied.

The judgment of the district court will be affirmed.