Harrison **JUDE**, Appellant,

v.

**MORWOOD SAWMILL, INC.**, Appellee.

Court of Appeals of Kentucky.

March 20, 1987.

John R. Triplett, Inez, for appellant.

Buddy R. Salyer, P.S.C., Morehead, for appellee.

Before COMBS, GUDGEL and McDONALD, JJ.

McDONALD, Judge:

In early 1981, a Kentucky corporation, Morwood Sawmill, Inc., (hereinafter Morwood) and a West Virginia corporation, Kermit Lumber and Pressure Treating, Inc. (hereinafter Kermit) entered into an agreement whereby Kermit was to purchase lumber supplied by Morwood. On October 26, 1981, Harrison Jude, president of Kermit, signed a personal guaranty to insure payment of Kermit's debts to Morwood. The guaranty was signed in West Virginia.

During the year preceding the agreement, Morwood delivered approximately $300,000 worth of lumber to Kermit. However, Kermit did not pay for approximately $31,000 worth of the lumber.

On August 21, 1984, Morwood filed a complaint against Kermit and Harrison Jude, in his individual capacity as guarantor, in order to collect the money owed for the lumber delivered. Jude raised the is-sue of lack of personal jurisdiction over him both in the answer to the complaint and by separate motion. The trial court ruled that it had personal jurisdiction over Jude.

At trial Jude testified on cross-examination that he had signed the personal guaranty. However, the interrogatory-type instructions submitted to the jury only dealt with the question of the corporate liability of Kermit. No motion for directed verdict was offered by Morwood against Jude. On December 17, 1985, the trial court entered a judgment for plaintiff against the "defendant" (referring to Kermit) for $31,914.08.

On January 13, 1986, Morwood filed a notice to take the post judgment deposition of Harrison Jude on January 30, 1986, pursuant to CR 69.03. Jude then filed a motion for protective order on January 27, 1986, on the ground that no judgment had been entered against him.

The trial court then, without notice or motion to do so, entered a corrected judgment on February 14, 1986. The corrected judgment stated that it was the intent of the court that the word "defendant" in the original judgment be "defendants" and that the omission of the "s" was a clerical mistake which the court was correcting on its own pursuant to CR 60.01.

Harrison Jude then filed a motion to set aside the "Corrective Order" on February 24, 1986. Morwood responded. Subsequently, the trial court entered an order overruling the motion on March 12, 1986. The trial court stated that no interrogatory instructions were submitted to the jury on Harrison Jude's liability because neither side demanded them. Thus, the trial court reasoned that under CR 49.01 the issue of Jude's personal liability remained to be tried by the court as Morwood had submitted proof of the execution of the guaranty and Jude had acknowledged on cross-examination that he had signed the guaranty. This is all well and good but it was not preserved in the record by the trial court or by counsel. Furthermore, it is not the duty of the defendant to request an instruction which would find him liable. The court further stated that it had intended to enter

judgment for Morwood against Harrison Jude but due to a clerical mistake, the judgment was against "defendant" instead of "defendants." The corrected judgment was thus a correction of that mistake on the court's own motion under CR 60.01.

Harrison Jude timely appealed. There is no transcript of the trial available for us to review.

The first issue on appeal is whether the trial court erred in amending and altering the judgment more than ten days from the date of the entry of the original judgment and failing to notify the individual defendant Harrison Jude of the proposed amendment of the judgment.

At the time the corrected judgment was entered, CR 60.01 was the only available method for the court to change its original judgment on its own motion. The time for appeal from the original judgment by Morwood had run. The ten-day time frame for motions to amend or for new trial had run under CR 52.02 and CR 59. There had been no requisite motion made by either party for relief under CR 60.02. Thus, the only avenue open to the court to change the original judgment was CR 60.01, which states as follows:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistake may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

The rule clearly states that the court may correct a clerical mistake on its own initiative and without notice. Therefore, the only issue is whether the omission of the "s" after the word defendant in the original judgment constituted a clerical mistake.

Under the Federal Rules of Civil Procedure Rule 60(a) is available to show that a thing was done at one time which ought to have been shown at that time. It is an entry now [nunc pro tunc] for something previously done so that the record can accurately reflect the truth. *Matthies v. Railroad Retirement Bd.*, 341 F.2d 243 (8th Cir.1965). Rule 60(a) is primarily for mistakes which do not attack the party's fundamental right to a judgment at the time it was entered. *U.S. v. Stuart*, 392 F.2d 60 (3d Cir.1968). The rule cannot be used to enter judgment against a defendant who was omitted from the original judgment. *Stradley v. Cortez*, 518 F.2d 488 (3rd Cir.1975). These cases are persuasive to us because the Federal Civil Rule 60(a) is identical to our CR 60.01.

After review of the record (there being no trial transcript), it appears that Harrison Jude's personal liability was not pursued by Morwood at trial and no judgment was entered against him. The clerk's record shows that the interrogatory instructions submitted to the jury only dealt with Kermit's liability and there was no mention in them of Jude's personal guaranty, which was only before the jury by Jude's cross-examination. The record before us is void of any intent on the part of Morwood or the trial judge to have judgment entered against Harrison Jude. It appears that the omission of Harrison Jude's liability only came to light after the notice to take his deposition was filed, and Jude himself raised the issue. Soon thereafter, the court entered its corrected judgment.

Thus, we conclude, the court erred in using CR 60.01 to enter a judgment against Harrison Jude. It is our opinion that the judgment herein be reversed and vacated as it appears against Harrison Jude.

The second issue on appeal questions if the court committed error by exerting personal jurisdiction over the individual defendant, Harrison Jude. The resolution of the first issue renders this issue moot.

COMBS, J., concurs.

GUDGEL, J., dissents.