2004 ND 4

**FARGO GLASS AND PAINT CO.,**
**Plaintiff and Appellant**

v.

**Charles C. RANDALL personally and**
**d/b/a P–R Floor Covering Company,**
**Defendant and Appellee.**

No. 20030196.

Supreme Court of North Dakota.

Jan. 14, 2004.

Clifton G. Rodenburg, Johnson, Rodenburg & Lauinger, Fargo, N.D., for plaintiff and appellant; submitted on briefs.

Charles C. Randall, pro se, Grand Forks, N.D., defendant and appellee; submitted on briefs.

VANDE WALLE, Chief Justice.

[¶ 1] Fargo Glass and Paint Company ("Fargo Glass") appealed from an order granting a motion for correction of judgment in its collection action against Charles C. Randall. We conclude the district court erred in correcting the judgment under N.D.R.Civ.P. 60(a), and we reverse and remand for further proceedings.

I

[¶ 2] In January 2001, Fargo Glass sued Randall, personally and doing business as P–R Floor Covering Company, to recover $5,789.40 plus interest for the balance due for flooring and related products. Randall answered, claiming that he had neither ordered nor received certain materials and that the amount due failed to reflect credit for defective materials he did receive. In March 2001, Fargo Glass served Randall with requests for admissions, including admissions that Fargo Glass sold the materials to "P & R Floor Covering," Randall "has assumed all of the assets and liabilities of P & R Floor Covering," and that "[t]here are no facts upon which ... Randall relies as a basis for any defense in this action." In May 2001, after Randall failed to respond to the request for admissions within 30 days under N.D.R.Civ.P. 36(a), Fargo Glass moved for summary judgment based on the admissions. Randall responded to the motion with an affidavit, claiming he was owed credit on some invoices, was charged the wrong amount on others, and was owed a credit for rebate coupons. In July 2001, the district court ruled the requests for admissions were deemed admitted and granted summary judgment in favor of Fargo Glass and against "Randall personally and dba P–R Floor Covering Company" for $5,321.86 plus interest and costs.

[¶ 3] In August 2001, Randall moved for correction of the judgment under N.D.R.Civ.P. 60(a). Randall submitted an affidavit in support of the motion, in which he stated:

I affirm to the Court that I personally have never done business as "P–R Floor Covering Company." I am an officer and employee of P–R Company, Inc., a North Dakota corporation that has done business as "P–R Floor Covering Company." With regard to Plaintiff's claims in this case, P–R Company, Inc., and not me personally, incurred the debts on which Plaintiff bases its claims. Therefore, P–R Company, Inc., and not me, is the responsible Judgment debtor in this case.

In February 2002, the district court granted Randall's motion. The court concluded "the pleadings and admissions on file in this action together with the affidavits submitted in support thereof show that Defendant Randall never did business as 'P–R Floor Covering Company,'" and "nowhere in the pleadings and admissions on file together with the affidavits submitted in support thereof does Plaintiff prove that Defendant executed any personal guaranty in which he assumed liability for the accounts payable of P–R Company, Inc." The court ordered the July 2001 judgment "be

corrected to reflect the proper responsible party, P–R Company, Inc. and not against Defendant Charles C. Randall personally."

## II

■ [¶ 4] Fargo Glass argues the district court erred in altering the judgment under N.D.R.Civ.P. 60(a).

[¶ 5] Under N.D.R.Civ.P. 60(a), "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversights or omission may be corrected by the court: (1) at any time on its own initiative; or (2) on the motion of any party." In *First Western Bank v. Wickman*, 513 N.W.2d 62, 64 (N.D.1994), we explained:

This Court has clearly held that Rule 60(a) is not a substitute for an appeal on the merits.

"Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for 'the correction of irregularities which becloud but do not impugn [the judgment].' *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir.1968). The problem is essentially one of characterization. *Kelley v. Bank Building and Equipment Corporation of America*, 453 F.2d 774, 778 (10th Cir.1972). It must be determined 'whether a substantive change or amendment was made or whether the amended conclusions and judgment were in the nature of corrections.' *Kelley*, supra.

"A court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judg-

ment to fail to reflect what was intended at the time of trial. However, Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done." (Citations, footnote omitted.)

*Gruebele v. Gruebele*, 338 N.W.2d 805, 811–12 (N.D.1983); *see also Volk v. Volk*, 435 N.W.2d 690, 692 (N.D.1989).

■ [¶ 6] The district court had no authority under N.D.R.Civ.P. 60(a) to change the liable party from Randall in his personal capacity to "P–R Company, Inc." There is no "clerical mistake" in a judgment if it accurately reflects uncontroverted evidence in the proceedings. *See Wickman*, 513 N.W.2d at 64. Here, the unanswered request for admissions, which were deemed admitted by the district court and served as the basis for the summary judgment, established the liable party as "Randall personally and dba P–R Floor Covering Company." Rule 60(a) cannot be used to introduce a new party to an action. The court, under the guise of correcting a clerical error, could not change the party liable for the judgment to a new and different corporate entity.

[¶ 7] The district court did not consider Randall's motion under Rule 60(b), even though the "Rule 60(a)" motion was accompanied by an affidavit raising matters that were not raised during the summary judgment proceedings. Rule 60(b) provides in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged, or a previous judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment. The motion must be made within a reasonable time, and for reasons (i), (ii), and (iii) not more than one year after notice that the judgment or order was entered in the action or proceeding if the opposing party appeared, but not more than one year after a judgment by default has been entered.

This Court has stated its preference for the use of the N.D.R.Civ.P. 60(b) procedure for relief from judgment, rather than the Rule 60(a) procedure, when a party seeks to change a previously entered judgment. *See Disciplinary Action Against Wilson*, 461 N.W.2d 105, 109 (N.D.1990); *Production Credit Ass'n v. Obrigewitch*, 443 N.W.2d 304, 309 (N.D.1989); *Volk*, 435 N.W.2d at 692, *Gruebele*, 338 N.W.2d at 812.

■ [¶ 8] Although Fargo Glass argues that Randall is not entitled to relief under Rule 60(b), resolution of that question on appeal is inappropriate because it requires examination of factual matters not addressed or considered by the district court. "Because the trial court ordinarily has presided over the proceedings leading to the challenged judgment and because of the trial court's fact-finding capabilities, we have said the trial court is in a much better position than an appellate court, which must rely on a cold record, to pass upon the issues presented in a Rule 60(b) motion." *Lewis v. N.D. Workers Comp.*

*Bureau*, 2000 ND 77, ¶ 10, 609 N.W.2d 445. Consequently, we remand to the district court for consideration of Randall's motion under Rule 60(b) standards.

### III

[¶ 9] The order is reversed and the case is remanded for further proceedings.

[¶ 10] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.