2006 ND 119

**Todd A. ROTH, Plaintiff and Appellant**

**v.**

**Lynette HOFFER, Defendant and Appellee.**

**No. 20050328.**

Supreme Court of North Dakota.

June 1, 2006.

Todd A. Roth, pro se, Bismarck, N.D., plaintiff and appellant; submitted on briefs.

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, N.D., for defendant and appellee; submitted on briefs.

SANDSTROM, Justice.

[¶ 1] Todd A. Roth appeals from an amended judgment in his divorce action against Lynette Hoffer and from an order denying his post-judgment motion. We affirm, concluding the district court did not err in granting Hoffer's motion under N.D.R.Civ.P. 60(a) to correct a clerical mistake in the initial judgment regarding the distribution of the proceeds of Roth's 401(k) plan.

I

[¶ 2] In *Roth v. Hoffer*, 2004 ND 72, ¶ 3, 688 N.W.2d 402, *cert. denied*, 543 U.S. 936, 125 S.Ct. 328, 160 L.Ed.2d 241 (2004), we summarily affirmed Roth's appeal from a July 2003 divorce judgment. The judgment identified Roth's 401(k) plan with his employer, North American Coal, and stated the plan has "a gross value of $53,620.91, but against which [Roth] took a loan of $11,233.77 leaving a net value of $42,387.14. The Court awards [Hoffer] 65% of the net value ($27,551.64)." A Qualified Domestic Relations Order ("QDRO") authorized the administrator of Roth's 401(k) plan to hold $27,551.64 for Hoffer.

[¶ 3] In October 2004, Hoffer moved under N.D.R.Civ.P. 60(a) to amend the judgment, claiming there was a clerical mistake because the judgment did not accurately reflect the amount of money she was to receive from Roth's 401(k) plan. Hoffer claimed Roth's employer had issued Roth a check out of a total fund balance of $65,657.26, and Roth, then a prison inmate, endorsed the check to Mitch Schlaht. Hoffer claimed she was entitled to 65 percent of the total fund balance of Roth's 401(k) plan.

[¶ 4] After a hearing, the district court granted Hoffer's motion "to the extent that she seeks supplementary court orders to assure that the 401(k) plan proceeds that were awarded in the divorce judgment be made available to her. If necessary, the Court will execute a new QDRO document, or issue other orders to assure that the value distributable" to Hoffer be made available for her benefit. An amended judgment was entered which awarded Hoffer "65% of the net value of $42,027.22," and an amended QDRO was entered which required Roth's employer to pay Hoffer "$42,827.22 (65% of the total account balance of $65,657.26)." The amended judgment imposed a constructive trust and monetary judgment against Roth and Schlaht in the amount of $15,265.58. The court subsequently denied Roth's post-judgment motion under N.D.R.Civ.P. 59(b)(6) and 60(b)(iv), concluding the amount awarded under the amended judgment and QDRO had been satisfied and Roth's motion was moot.

[¶ 5]   The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 6]   Roth's arguments can be summarized in two main claims: (1) the district court lacked jurisdiction under N.D.R.Civ.P. 60(a) to amend the judgment because there was not a clerical mistake, and (2) the amended judgment is void and his post-judgment motion was not moot because Roth's payment and satisfaction of the amended judgment was not voluntary.

[¶ 7]   Rule 60(a), N.D.R.Civ.P., authorizes a district court to correct clerical mistakes in a judgment and provides "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversights or omission may be corrected by the court: (1) at any time on its own initiative; or (2) on the motion of any party."

[¶ 8]   In *Fargo Glass and Paint Co. v. Randall*, 2004 ND 4, ¶¶ 5–6, 673 N.W.2d 261 (quoting *First Western Bank v. Wickman*, 513 N.W.2d 62, 64 (N.D.1994)), we outlined our general rules for correcting clerical mistakes under N.D.R.Civ.P. 60(a):

> This Court has clearly held that Rule 60(a) is not a substitute for an appeal on the merits.
>
> "Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for 'the correction of irregularities which becloud but do not impugn [the judgment].'" *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir.1968). The problem is essentially one of characterization. *Kelley v. Bank Building and Equipment Corporation of America*, 453 F.2d 774, 778 (10th Cir.1972). It must be determined "whether a substantive change or amendment was made or whether the amended conclusions and judgment were in the nature of corrections." *Kelley*, supra.
>
> "A court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at the time of trial. However, Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done." (Citations, footnote omitted.)

*Gruebele v. Gruebele*, 338 N.W.2d 805, 811–12 (N.D.1983); *see also Volk v. Volk*, 435 N.W.2d 690, 692 (N.D.1989).

[¶ 9]   Rule 60, N.D.R.Civ.P., was adopted from F.R.Civ.P. 60, and in construing our rule, we may consider federal case law interpreting F.R.Civ.P. 60. *Gruebele*, 338 N.W.2d at 811 n. 5. Under the federal rule, transcription errors and mathematical errors are typical clerical mistakes, but the federal rule authorizes a district court to correct ambiguities and errors of omission or oversight to clarify and reflect the court's intent when the initial judgment was entered. 12 J. Moore, *Moore's Federal Practice* § 60.11[1] and [2] (3rd ed.2006). In *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir.1987) (emphasis in original), the Ninth Circuit Court of Appeals aptly explained the difference between clerical mistakes and substantive mistakes:

The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination. *See United States v. Griffin,* 782 F.2d 1393, 1397 (7th Cir. 1986).

[¶ 10] A district court may correct clerical errors after an appellate court has decided an appeal if the correction is the type envisioned by Rule 60(a) and the appellate court has not ruled explicitly or implicitly on the issue that is the subject of the correction. *Klingman v. Levinson,* 877 F.2d 1357, 1363 (7th Cir.1989); *Panama Processes, S.A. v. Cities Serv. Co.,* 789 F.2d 991, 994 (2nd Cir.1986). *See* 12 *Moore's Federal Practice,* at § 60.12[1][b]. A correctable clerical mistake need not be made by the clerk or by the court, but may be made by a party. *Matter of West Texas Mktg. Corp.,* 12 F.3d 497, 503–04 (5th Cir.1994). *See Moore's Federal Practice,* at § 60.10[2].

[¶ 11] Here, the district court's memorandum decision in the parties' contested divorce action said resolution of the property issues had been "made complicated by the less than adequate record compiled at trial, partly due to [Roth's] lack of legal assistance, and also his subsequent incarceration at the penitentiary on drug related charges. The Court's efforts to allow for supplementing of the record following the trial and submission of additional closing arguments resulted in very little of probative value to assist in resolving the property issues." At the divorce trial,

Hoffer introduced evidence that, as of March 31, 2002, Roth's 401(k) plan had a closing balance of $68,352.41, with an outstanding $11,233.77 loan by Roth against the account. The district court's memorandum opinion said Roth's 401(k) plan would "be divided between the parties, with 65 percent going to [Hoffer], and 35 percent to [Roth]. The Court is taking into account the diminishment of this account as a result of loans made against it by [Roth] prior to the divorce." The court directed Hoffer's counsel to prepare appropriate closing documents in the divorce action, and the findings of fact stated Roth's 401(k) plan has "a gross value of $53,620.91, but against which [Roth] took a loan of $11,233.77 leaving a net value of $42,387.14. The Court awards [Hoffer] 65% of the net value ($27,551.64)." The original judgment repeated that language and the QDRO authorized the administrator of Roth's 401(k) plan to hold $27,551.64 for Hoffer.

[¶ 12] The language in the district court's memorandum opinion recognized the difficulties in resolving the parties' property values and awarded Hoffer 65 percent of Roth's 401(k) plan without referring to a specific dollar amount. The memorandum decision differs from the findings of fact, judgment, and QDRO prepared by Hoffer's counsel, which identify specific dollar amounts. The language in the memorandum opinion supports the district court's conclusion there was a clerical mistake or "blunder in execution" in preparing the findings of fact, judgment, and QDRO. The district court was in a better position than this Court to know what it intended in making the original distribution of the 401(k) plan. The amended judgment comports with the district court's initial memorandum decision and is not relitigation of a matter that had already been decided. Moreover, this Court

did not explicitly or implicitly rule on the distribution of the 401(k) plan in Roth's prior appeal, *see Roth*, 2004 ND 72, ¶ 1, 688 N.W.2d 402, and in his reply brief in this appeal, Roth admits he did not challenge the distribution of the 401(k) plan in his prior appeal. On this record, we conclude the district court did not err in granting Hoffer's Rule 60(a) motion to reflect its original intent, as expressed in its memorandum decision, to award Hoffer 65 percent of Roth's 401(k) plan.

 [¶ 13] This record reflects that Roth endorsed the check for the proceeds of the 401(k) plan over to Schlaht, and the district court explained it was faced with an improper distribution of the proceeds of the 401(k) plan to Roth, who was refusing to return the proceeds. The court granted Hoffer's motion to the extent she sought supplementary orders to assure the proceeds awarded to her in the divorce judgment were made available to her. Schlaht is not a party to this appeal and has not complained about the district court's decision. *See Rott v. Connecticut Gen. Life Ins. Co.*, 2004 ND 198, ¶ 4, 688 N.W.2d 378. Under these circumstances and on this record, we reject Roth's claim the district court lacked authority to issue orders to implement the court's initial intent in distributing the 401(k) plan. *See* N.D.C.C. § 27–05–06(3).

[¶ 14] Roth also raises several issues involving the district court's denial of his motion under N.D.R.Civ.P. 59(b)(6) and 60(b)(iv). Roth generally claims the amended judgment is void, a satisfaction in this case was by execution and levy, and he did not voluntarily pay the judgment. Rule 59(b)(6), N.D.R.Civ.P., authorizes a district court to grant a new trial for insufficiency of the evidence, and N.D.R.Civ.P. 60(b)(iv) authorizes relief from a judgment that is void. The district court had jurisdiction to correct the clerical mistake under N.D.R.Civ.P. 60(a), and Roth has not established he was entitled to relief under N.D.R.Civ.P. 59(b)(6) and 60(b)(iv). We conclude the court did not err in denying Roth's post-judgment motion.

## III

[¶ 15] We affirm the amended judgment and order denying Roth's motions.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.