2016 ND 33

**Curtis L. ERICKSON, Plaintiff and Appellee,**

**v.**

**Dean OLSEN, Susan Olsen, Bobby Olsen, Clee Raye Olsen, Marion**

Bergquist, and the Estate of Clarence Erickson, Defendants,

**Dean Olsen, Susan Olsen, Bobby Olsen, Clee Raye Olsen, Marion Bergquist, Defendants and Appellants.**

No. 20150153.

Supreme Court of North Dakota.

Feb. 18, 2016.

Daniel J. Nagle, Mandan, N.D., for plaintiff and appellee.

Tyler J. Malm (argued), Sheldon A. Smith (on brief), David J. Smith (on brief), Bismarck, N.D., for defendants and appellants.

VANDEWALLE, Chief Justice.

[¶ 1] Dean Olsen, Susan Olsen, Bobby Olsen, Clee Raye Olsen, and Marion Bergquist, three stepchildren of Clarence Erickson and two spouses of the stepchildren (collectively "appellants"), appealed from a second amended judgment granting a motion by Clarence Erickson's biological son, Curtis Erickson, to correct the judgment under N.D.R.Civ.P. 60(a). We conclude the district court abused its discretion in granting relief under Rule 60(a). We reverse the second amended judgment and reinstate the amended judgment.

I

[¶ 2] After Clarence Erickson died in December 2010, Curtis Erickson petitioned to rescind certain real and personal property transfers by Clarence Erickson to the appellants and to invalidate his September 2010 will. After a bench trial, the district court entered a judgment concluding that undue influence was exerted over Clarence Erickson when executing his will and while transferring real and personal property to the appellants, that Clarence Erickson lacked capacity to transfer money and real property, and that Clarence Erickson lacked testamentary capacity to execute the will. The court denied the appellants' motion to amend the findings and judgment under N.D.R.Civ.P. 52(b).

[¶ 3] The appellants then moved to correct the judgment under N.D.R.Civ.P. 60(a), asking the district court to require repayment of the purchase prices the appellants paid for real property transfers invalidated by the court's judgment. Before the court ruled on the appellants' Rule 60(a) motion, however, the appellants appealed from the initial judgment.

[¶ 4] We granted the appellants' motion to temporarily remand to the district court for consideration and disposition of their N.D.R.Civ.P. 60(a) motion. On temporary remand, Curtis Erickson also moved to correct the judgment under Rule 60(a) and to compel discovery. The court granted the appellants' Rule 60(a) motion and issued an amended judgment requiring Clarence Erickson's estate to reimburse Bobby and Clee Raye Olsen and Dean and Susan Olsen for the consideration they paid for the invalidated real property transfers. The court declined, however, to consider Curtis Erickson's motions to compel discovery and to correct the judgment, concluding those motions were not within the scope of the temporary remand.

[¶ 5] In *Erickson v. Olsen*, 2014 ND 66, ¶¶ 1, 31, 844 N.W.2d 585, we affirmed the judgment invalidating Clarence Erickson's will and his transfers of real and personal property to the appellants. After our decision in *Erickson*, Curtis Erickson filed a renewed motion under N.D.R.Civ.P. 60(a) to correct the judgment and a renewed motion to compel discovery, requesting that Clarence Erickson's estate be compensated for attorney fees incurred as a result of the invalidated real property

transfers, abstract and title fees for the transfers, mineral lease bonuses received, crop income or reasonable rental cost of the land, governmental subsidies received, and any other financial matters necessary to return all the parties to their original positions as a result of rescission of the real property transfers.

[¶ 6] The district court initially issued an order allowing discovery, but subsequently granted the appellants' motion to vacate the discovery order after concluding N.D.R.Civ.P. 60(a) does not permit submission of additional evidence to correct a judgment. The court granted Curtis Erickson's motion to correct the judgment, and the court entered a second amended judgment ordering Dean and Susan Olsen and Bobby and Clee Raye Olsen to reimburse the estate for any fees paid by Clarence Erickson associated with the preparation and filing of documents transferring title for the invalidated real property transfers, any payments received by the Olsens on any mineral interests involving the real property while it was in their possession, and the reasonable rental value of the real property from the time of transfer until its return to the estate. The court explained:

Here, the intent of the Court has always been to put the parties back to their positions at the time of the now invalidated transfers of real property. However, the Court failed to include the necessary language to effectuate that intent in the original Judgment. A portion of the Court's oversight was addressed in the Amended Judgment entered following [Appellants'] Motion to Correct Judgment. However, due to [Appellants'] then pending appeal and the limited scope of the Supreme Court's remand, the Court did not believe it had jurisdiction to consider or determine Erickson's Counter-claim at that time. Now, however, the Court has the ability

to fully address Erickson's Counter-claim and correct the Judgment to reflect the Court's original intent to return the parties to their original positions.

Therefore, Judgment shall be amended to reflect that [Appellants] shall reimburse the Estate of Clarence Erickson for any fees paid by Clarence associated with the preparation and filing of the documents transferring title to the real property, any payments received by [Appellants] on any mineral interests involving said real property while the real property was in [Appellants'] respective possession, and the reasonable rental value of the real property from the time of transfer until its return to the Estate of Clarence L. Erickson, thereby reflecting the Court's original intent that each party be returned to their original positions.

II

[¶ 7] The appellants argue the district court erred in granting Curtis Erickson's motion to correct the judgment under N.D.R.Civ.P. 60(a) and in entering a second amended judgment. They argue the court abused its discretion in granting Curtis Erickson substantive relief beyond the scope of Rule 60(a) for which no evidence exists in the record. They also argue res judicata bars Curtis Erickson from relitigating claims for additional substantive relief.

[¶ 8] Under N.D.R.Civ.P. 60(a), a district court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." In *Kukla v. Kukla*, 2013 ND 192, ¶¶ 11–12, 838 N.W.2d 434, we described standards for applying N.D.R.Civ.P. 60(a):

"This Court has clearly held that Rule 60(a) is not a substitute for an appeal on the merits.

· 'Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for "the correction of irregularities which becloud but do not impugn [the judgment]." *United States v. Stuart,* 392 F.2d 60, 62 (3d Cir.1968). The problem is essentially one of characterization. *Kelley v. Bank [Bldg. & Equip. Corp. of Am.],* 453 F.2d 774, 778 (10th Cir. 1972). It must be determined "whether a substantive change or amendment was made or whether the amended conclusions and judgment were in the nature of corrections." *Kelley, supra.*

'A court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at the time of trial. However, Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done.' (Citations, footnote omitted.)

*Gruebele v. Gruebele,* 338 N.W.2d 805, 811–12 (N.D.1983); *see also Volk v. Volk,* 435 N.W.2d 690, 692 (N.D. 1989)."

*Fargo Glass & Paint [Co. v. Randall,* 2004 ND 4], at ¶ 5[, 673 N.W.2d 261] quoting *First W. Bank v. Wickman,* 513 N.W.2d 62, 64 (N.D.1994). Thus, "[a] court may correct, [under] Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at time of trial." *Gruebele,* 338 N.W.2d at 811.

In considering federal case law interpreting F.R.Civ.P. 60, from which N.D.R.Civ.P. 60 was adopted, we have said "typical" clerical mistakes include transcription and mathematical errors, but "the federal rule authorizes a district court to correct ambiguities and errors of omission or oversight to clarify and reflect the court's intent when the initial judgment was entered." *Roth v. Hoffer,* 2006 ND 119, ¶ 9, 715 N.W.2d 149. We further discussed distinguishing between clerical and substantive mistakes:

"The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination."

*Roth,* at ¶ 9 (quoting *Blanton v. Anzalone,* 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987)). This Court has also expressed its "preference for the use of the N.D.R.Civ.P. 60(b) procedure for relief from judgment, rather than the Rule 60(a) procedure, when a party seeks to change a previously entered judgment." *Fargo Glass & Paint Co.,* 2004 ND 4, ¶ 7, 673 N.W.2d 261.

[¶ 9] Our decisions have consistently recognized that N.D.R.Civ.P. 60(a) is not a substitute for an appeal and is not a vehicle to make substantive changes to a judgment. *See State v. 1998 Jeep Grand Cherokee Auto.,* 2016 ND 9, ¶ 8, 873 N.W.2d 672; *Kukla,* 2013 ND 192, ¶¶ 11–12, 838 N.W.2d 434; *Roth,* 2006 ND 119, ¶¶ 8–9, 715 N.W.2d 149. A rescinding party must

restore to the other party everything of value which the rescinding party has received from the other party under a contract. N.D.C.C. § 9–09–04. We agree with the appellants, however, that the amendments made in response to Curtis Erickson's Rule 60(a) motion were not in the nature of corrections of a clerical mistake or a mistake arising from oversight or omission, but were substantive changes granting additional relief.

[¶ 10] The parties have cited no evidence in the record establishing the amount of any fees paid by Clarence Erickson associated with the preparation and filing of documents transferring title to the real property, any payments received by appellants for mineral interests, or the reasonable rental value of the land while in the possession of appellants. The second amended judgment purports to grant relief based on evidence that was not before the district court. In conjunction with Curtis Erickson's motion to correct the judgment under N.D.R.Civ.P. 60(a), the court also denied his motion to compel discovery after concluding Rule 60(a) does not permit submission of additional evidence to correct a judgment. The court's conclusion on the motion to compel additional discovery belies the court's decision on the Rule 60(a) motion that the corrections in this case were for clerical mistakes or mistakes arising from oversight or omissions. Rather, the court's conclusion on the motion to compel additional discovery supports a decision that Curtis Erickson's requested amendments to correct the judgment would require additional substantive changes to the judgment after this Court affirmed the initial judgment. *See Moch v. Moch*, 1998 ND 95, ¶ 8, 578 N.W.2d 129 (holding doctrine of law of case precluded an issue not cross-appealed or argued at first appeal from being raised on second appeal after remand); *Tom Beuchler Constr., Inc. v. City of Williston,* 413 N.W.2d 336, 339 (N.D.1987) (same). Although in granting Curtis Erickson's Rule 60(a) motion, the district court may have intended to put the parties back into their original positions before the invalidated transactions, the relief requested by his motion was beyond the record evidence in the initial trial and seeks a substantive change to the judgment.

[¶ 11] We conclude the district court misapplied the law for clerical errors or mistakes arising from oversight or omission under N.D.R.Civ.P. 60(a). We therefore conclude the court abused its discretion in granting Curtis Erickson's motion to correct the judgment under Rule 60(a).

### III

[¶ 12] We reverse the second amended judgment and reinstate the amended judgment.

[¶ 13] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.