# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 114

Amy M. Axtman,                                                    Plaintiff and Appellee

   v.

Myron A. Axtman,                                            Defendant and Appellant

## No. 20190300

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Diane F. Melbye, Dickinson, ND, for plaintiff and appellee.

Daniel J. Nagle, Mandan, ND, for defendant and appellant.

# Axtman v. Axtman
## No. 20190300

**VandeWalle, Justice.**

[¶1]  Myron Axtman appealed from an amended judgment distributing the parties' marital property. Myron Axtman argues the district court abused its discretion in amending the judgment, and the court amended judgment under N.D.R.Civ.P. 60(a) without providing proper notice. We affirm.

I

[¶2]  This is an appeal from a divorce action that was commenced in 2017. The only issue was division of the parties' marital property. Included as part of the parties' marital property was Myron Axtman's Hess pension. The pension benefits commenced on February 1, 2015, at which time Myron Axtman began receiving $2,891.60 per month.

[¶3]  The district court issued findings of fact and conclusions of law and ordered judgment. The judgment stated Myron Axtman's Hess pension account "shall be divided equally between the parties as of the date of commencement of this action for divorce" through a qualified domestic relations order (QDRO). If Myron Axtman's Hess pension account could not be equally divided by a QDRO, the court suggested the issue should be dealt with by motion under N.D.R.Civ.P. 60.

[¶4]  Myron Axtman filed a proposed QDRO on March 26, 2019. The proposed QDRO did not address the pension payments Myron Axtman received during the pendency of the divorce. The same day, Amy Axtman filed an objection to the proposed QDRO, alleging the proposed QDRO did not conform to the judgment. The court scheduled a status conference to discuss the QDRO with the parties. At the status conference, the court stated its intent was for the judgment to equally divide the pension payments received by Myron Axtman during the pendency of the divorce:

> Sometimes in these things problems arise that the Court didn't consider at the time. There's unintended consequences, but in part

1

we have an issue with the fact that our legislature has decided that division of assets occurs effective the date of the commencement of the action; whereas, up until that time, the Court generally was making divisions as of the date of trial, and try as I may to keep that in mind, sometimes it's difficult to do so. And the thing that I didn't contemplate in my decision was the fact that considerable time had passed between the date of the commencement of the action and the date of the decision in the context of the Hess plan. That's one issue. It's possible that, in making the decision, the Court is intending that the division should occur in an equal fashion. The question is whether or not the Court considered what had passed before the date of the decision.

If we were making the decision as of the date -- I mean, the evaluation and the division as of the date of the trial, I would have had in mind that any existing checking accounts and the like would be divided and those types of things that had passed in the meantime would come out in the wash. But the division of the checking accounts and savings accounts and the like was of the date of the division as well, and as a result, there probably was no similarity between the value of those accounts and the date of trial as there was on the date of the separation or commencement of suit.

At the conclusion of the status conference, the court informed the parties it intended to sign the QDRO, and if Amy Axtman wanted to further address the issue of the pension payments Myron Axtman received during the pendency of the divorce, she would have to do so by separate motion.

[¶5] Amy Axtman filed a motion for relief from judgment under N.D.R.Civ.P. 60(b)(3) and (6). The district court amended the judgment under N.D.R.Civ.P. 60(a). In its order, the court declared it failed to take into consideration N.D.C.C. § 14-23-05, and its failure to do so resulted in a mistake arising from oversight or omission justifying relief under Rule 60(a). The court further declared it was the court's intent that Amy Axtman be awarded half of the pension benefit payments received by Myron Axtman from the commencement of the divorce action onward. The district court issued an amended judgment awarding Amy Axtman half of the pension benefit payments received by Myron Axtman from the date of commencement of the divorce action.

2

[¶6] After the district court amended judgment, Myron Axtman filed a "Motion to Vacate Order on Motion for Relief from Judgment." Myron Axtman argued the court's use of Rule 60(a) to amend the judgment was improper, and the court did not notify the parties it was amending the judgment pursuant to Rule 60(a) on its own. The district court denied Myron Axtman's motion. In its order, the court declared Myron Axtman had been provided with sufficient notice that it was correcting a mistake in the judgment under Rule 60(a), that the mistake in the judgment was from oversight or omission, and further discussed its intent for Amy Axtman to receive half the pension benefit payments from the commencement of the divorce action.

## II

[¶7] Under N.D.R.Civ.P. 60(a): "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with notice." In *Fargo Glass & Paint Co. v. Randall*, 2004 ND 4, ¶ 5, 673 N.W.2d 261 (quoting *First W. Bank v. Wickman*, 513 N.W.2d 62, 64 (N.D.1994)), we explained our standard for applying this rule:

> This Court has clearly held that Rule 60(a) is not a substitute for an appeal on the merits.
>
> > "Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for 'the correction of irregularities which becloud but do not impugn [the judgment].' *United States v. Stuart,* 392 F.2d 60, 62 (3d Cir. 1968). The problem is essentially one of characterization. *Kelley v. Bank* [*Bldg. & Equip. Corp. of Am.*], 453 F.2d 774, 778 (10th Cir. 1972). It must be determined 'whether a substantive change or amendment was made or

3

whether the amended conclusions and judgment were in the nature of corrections.' *Kelley*, supra.

"A court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at the time of trial. However, Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done." (Citations, footnote omitted.)

*Gruebele v. Gruebele*, 338 N.W.2d 805, 811–12 (N.D. 1983); *see also Volk v. Volk*, 435 N.W.2d 690, 692 (N.D. 1989).

Thus, "[a] court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at time of trial." *Gruebele*, at 811 (citing *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982); *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976); *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)).

[¶8] In considering federal case law interpreting Fed. R. Civ. P. 60, from which N.D.R.Civ.P. 60 was adopted, we have said "typical" clerical mistakes include transcription and mathematical errors, but "the federal rule authorizes a district court to correct ambiguities and errors of omission or oversight to clarify and reflect the court's intent when the initial judgment was entered." *Roth v. Hoffer*, 2006 ND 119, ¶ 9, 715 N.W.2d 149 (citing 12 J. Moore, *Moore's Federal Practice* § 60.11[1] and [2] (3rd ed. 2006)). Additionally, we have further distinguished clerical from substantive mistakes:

"The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination."

*Id.* (internal citation omitted) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

[¶9] In *Kukla v. Kukla*, 2013 ND 192, ¶ 4, 838 N.W.2d 434, the parties owned real property and other mineral interests. The divorce judgment distributed the real property to both parties, but made no mention of any mineral interests. *Id.* Over eight years after entry of the judgment, Bobbi Kukla moved the district court for relief from judgment under N.D.R.Civ.P. 60(a) and 60(b)(1) and (6). *Id.* at ¶ 5. Bobbi Kukla alleged the court committed a clerical error because the court failed to address the parties' mineral interests in the judgment. *Id.* After the district court held a hearing, in which it received testimony and evidence, the court granted Bobbi Kukla's motion for relief from judgment. *Id.* at ¶¶ 5-6. We reversed, stating, "Under these circumstances, we conclude N.D.R.Civ.P. 60(a) does not apply, because the amended judgment went beyond merely correcting a 'clerical mistake' or a 'mistake from an oversight or omission,' but rather affected a substantive portion of the divorce judgment." *Id.* at ¶ 20. Our decision was based on the fact that the district court "held a hearing, received testimony and evidence, and construed the language of the stipulation to find a mistake from omission and to enter the amended judgment." *Id.* at ¶ 19.

[¶10] In *Roth*, 2006 ND 119, ¶ 11, 715 N.W.2d 149, the district court issued a memorandum opinion awarding 65% of Roth's 401(k) to Hoffer and 35% to Roth. At trial, evidence was introduced valuing the 401(k) at $68,352.41 with an outstanding loan of $11,233.77 against the account. *Id.* at ¶ 11. The judgment, which was prepared by Hoffer, stated the 401(k) had a value of $53,620.91 with an $11,233.77 loan against it, leaving a net value of $42,387.14. *Id.* at ¶ 2. The judgment awarded Hoffer 65% of the net value stated in the judgment ($27,551.64). *Id.* A QDRO authorized the administrator of the 401(k) to hold $27,551.64 for Hoffer. *Id.* Hoffer filed a Rule 60 motion claiming there was a clerical mistake because the judgment did not accurately reflect the amount of money she was to receive from the 401(k) plan. *Id.* at ¶ 3. The district court granted Hoffer's motion "to the extent that she [sought] supplementary court orders to assure that the 401(k) plan proceeds that were awarded in the divorce judgment be made available to her." *Id.* at ¶ 4. The

district court amended the judgment to award Hoffer "65% of the net value of $42,027.22," and amended the QDRO to require the 401(k) administrator to pay Hoffer "$42,827.22 (65% of the total account balance of $65,657.26)." *Id.* We affirmed the amended judgment because the language in the memorandum decision, which differed from the findings of fact, judgment, and QDRO prepared by Hoffer's counsel, supported the district court's conclusion that there was a clerical mistake or "blunder in execution" in preparing the findings of fact, judgment, and QDRO. *Id.* at ¶ 12. Our reason for affirming was based entirely on the district court's intent. *See id.*

[¶11] In *Gruebele*, 338 N.W.2d at 808, a divorce decree ordered certain real and personal property owned by the parties be sold and the proceeds from the sale be divided equally between them. The decree did not contain language directing a reservation of mineral interests. *Id.* at 810. The sale of the real property was advertised with a reservation of the mineral interests, of which the parties together owned an undivided one-half interest. *Id.* at 809. Jacob Gruebele was the successful bidder at the sale of the property. *Id.* at 808. Jacob Gruebele's bid was only for the surface interest, yet he received both the surface and mineral interests. *Id.* at 812. The court entered an order confirming the sale of the property to Jacob Gruebele and ordering a receiver's deed be executed and delivered. *Id.* at 808. Neither the court's order confirming the sale nor the receiver's deed contained any language reserving the mineral interests in the property. *Id.* After the receiver's deed was delivered, the district court issued an ex parte order conveying an undivided one-fourth mineral interest to Erna Gruebele. *Id.* at 808-09. We affirmed the ex parte order under N.D.R.Civ.P. 60(a). *Id.* at 812. We reasoned the district court's intent was to equally divide the property, selling the property was the only way of attaining that objective, and a clear mistake had occurred in carrying out the court's objective because Jacob received both the surface and mineral interests for the price of the surface. *Id.* at 812. However, we stated we would have preferred the court's correction have been made under Rule 60(b), but the correction was proper under Rule 60(a). *Id.*

[¶12] The facts of this case are analogous to the facts in *Roth* and *Gruebele*. The judgment stated Myron Axtman's "Hess Retirement account shall be

divided equally between the parties as of the date of commencement of this action for divorce by use of a Qualified Domestic Relations Order." The amended judgment ordered Myron Axtman pay Amy Axtman half of the pension payments he had received since the commencement of the divorce action. As expressed in the original judgment, the court intended for Amy Axtman to receive half of the pension payments received by Myron Axtman from the beginning of the commencement of the divorce action. A mistake occurred because the original judgment did not award Amy Axtman half the payments Myron Axtman received from the commencement of the divorce action until judgment was entered. Amending the judgment to award Amy Axtman half the payments received by Myron Axtman during the pendency of the divorce corrected an oversight in the original judgment and was consistent with the court's intent as set forth in the original judgment. The court's omission amounts to a "blunder in execution." The court did not change its mind on the share or amount of the Hess pension Amy Axtman was to receive. The court intended for Myron Axman's Hess pension to be divided equally from the date of the commencement of the divorce, and a mistake resulting from the court's oversight and unintended omission occurred. Because of the court's oversight and omission, Rule 60(a) was a proper mechanism to amend the judgment.

[¶13] We prefer the use of N.D.R.Civ.P. 60(b), rather than N.D.R.Civ.P. 60(a), when a party seeks to change a previously entered judgment. *Fargo Glass & Paint Co.*, 2004 ND 4, ¶ 7, 673 N.W.2d 261 (citing *Disciplinary Action Against Wilson*, 461 N.W.2d 105, 109 (N.D. 1990); *Prod. Credit Ass'n v. Obrigewitch*, 443 N.W.2d 304, 309 (N.D. 1989); *Volk v. Volk*, 435 N.W.2d 690, 692 (N.D. 1989); *Gruebele*, 338 N.W.2d at 812)). Amy Axtman moved the district court for relief from judgment under Rule 60(b)(3) and (6), but the court amended judgment under Rule 60(a). Although we would have preferred the judgment have been amended under Rule 60(b), amending judgment under Rule 60(a) was proper here.

[¶14] Amy Axtman brought her motion under Rule 60(b)(3) and (6). Under subsection (3), a party may be relieved from judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by

7

an opposing party." There is nothing in the record providing a basis for a claim of fraud or misconduct against Myron Axtman. Granting relief from judgment pursuant to Rule 60(b)(3) would have been improper.

[¶15] Subsection (6) is also inapplicable. Subsection (b)(6) should not be used when another subsection may apply. *Kukla*, 2013 ND 192, ¶ 23, 838 N.W.2d 434 (citing *Suburban Sales & Serv., Inc. v. Dist. Court of Ramsey Cty.*, 290 N.W.2d 247, 252 (N.D. 1980); *Brigham Oil & Gas, L.P. v. Lario Oil & Gas Co.*, 2011 ND 154, ¶ 47, 801 N.W.2d 677; 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2864 (3d ed. 2012)). But, "Rule 60(b)(6) may be used when 'the grounds for vacating a judgment or order are' within another subsection, but 'something more' or 'extraordinary' is present to justify relief from the judgment." *Id.* Amy Axtman did not assert anything "more" or "extraordinary" existed to justify relief from judgment under subsection (b)(6). Granting relief from judgment pursuant to Rule 60(b)(6) would have also been improper.

[¶16] Relief from judgment under Rule 60(b) may only be granted on motion from a party; the court may not provide relief on its own. However, under Rule 60(a), a district court may provide relief from judgment on its own. The court believed its mistake was from an oversight or omission for failing to take into consideration N.D.C.C. § 14-23-05 (declaring marital property valued at time of commencement of action). It is unclear how the court failed to take § 14-23-05 into consideration when the judgment stated the Hess account shall be "divided equally between the parties as of the date of commencement of this action." But what is clear is that the court intended the Hess pension be divided equally between the parties as of the date of commencement of the divorce action. The original judgment did not take into account the payments Myron Axtman had received from the time between when the action was commenced to when judgment was entered. Because Amy Axtman did not bring her motion for relief under any applicable provisions of Rule 60(b), the court could not provide relief under Rule 60(b). The court could only provide relief under Rule 60(a) because it was doing so on its own. Because, as previously discussed, omitting an award to Amy Axtman of half the payments received by Myron Axtman during the pendency of the divorce was a mistake arising from

8

oversight or omission, the district court was within the boundaries of Rule 60(a) to amend the judgment to correct its mistake.

III

[¶17] Rule 60(a), N.D.R.Civ.P., states a court may correct a mistake in a judgment "on its own, with notice." Prior to amending the judgment, the district court had not provided the parties notice that it was considering amending the judgment pursuant to Rule 60(a). Myron Axtman addressed this issue in his "Motion to Vacate Order on Motion for Relief from Judgment." The court denied Myron Axtman's motion after determining it provided sufficient notice, stating, "Notwithstanding that the Court concluded that the Plaintiff was effectively asserting that this problem arose as a result of the Court's oversight or mistake, the decision to grant the relief was based upon Plaintiff's motion after notice and opportunity to be heard."

[¶18] Amy Axtman's motion noticed and argued relief from judgment under Rule 60(b), not Rule 60(a). Although the district court recognized at the status conference it had made a mistake by omitting from the original judgment division of the pension payments received by Myron Axtman during the pendency of the divorce, the court did not correct the judgment on its own when it could have done so. Rather, it signed the QDRO and directed Amy Axtman to make a motion to correct the judgment. In doing so, the court did not direct or advise Amy Axtman to make her motion under Rule 60(a). Rule 60(a) was a proper mechanism for the court to amend the judgment to correct the mistake resulting from its oversight and omission, but the court did not provide notice to the parties it was considering amending judgment pursuant to Rule 60(a).

[¶19] However, the court's error is harmless because, after the court amended the judgment, Myron Axtman brought his "Motion to Vacate Order on Motion for Relief from Judgment." In his motion, Myron Axtman argued the district court erred in amending the judgment under Rule 60(a) because the original judgment's failure to divide the pension payments received by Myron Axtman during the pendency of the divorce was not a clerical mistake or a mistake arising from oversight or omission, which is the argument he now raises on appeal. The court denied Myron Axtman's motion declaring the amended

9

judgment was issued because of a mistake arising from oversight or omission. Had the district court provided notice to the parties that it was considering amending judgment under Rule 60(a), Myron Axtman would have raised the same issues and made the same arguments he did in his "Motion to Vacate Order on Motion for Relief from Judgment." The district court considered Myron Axtman's arguments and denied his motion. Furthermore, Myron Axtman was aware the district court recognized it failed to take into consideration the payments Myron Axtman received during the pendency of the divorce in the original judgment, and that Amy Axtman was attempting to amend the judgment to account for the payments Myron Axtman received during the pendency of the divorce. The court's error in not providing notice does not require reversal. It would be futile for this Court to remand to the district court for Myron Axtman to raise the same arguments he did in his "Motion to Vacate Order on Motion for Relief from Judgment" and that he now raises on appeal.

IV

[¶20] The amended judgment is affirmed.

[¶21] Gerald W. VandeWalle
     Jerod E. Tufte
     Lisa Fair McEvers
     Jon J. Jensen, C.J.

     I concur in the result.
     Daniel J. Crothers