**Barbara KOLLER, Plaintiff and Appellee,**

v.

**Lawrence KOLLER, Defendant and Appellant.**

Civ. No. 10904.

Supreme Court of North Dakota.

Nov. 21, 1985.

Edwin W.F. Dyer III, Bismarck (argued), and Phillip J. Brown, Bismarck, for plaintiff and appellee.

Bryan L. Giese, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

Lawrence Koller appealed from an order of the district court denying his motion to modify a previous divorce judgment by granting him custody of the parties' three minor children. Lawrence asserts on appeal that the trial court's findings are so "sparse" and "conclusory" that they should be deemed to be clearly erroneous. We disagree and affirm the order.

In *Ebertz v. Ebertz*, 338 N.W.2d 651 (N.D.1983), this court set forth the two issues a trial court must resolve in deciding whether to grant or deny a motion to modify custody:

> "This court distinguishes between the original award of custody and a decision to modify custody. *Miller v. Miller*, 305 N.W.2d 666 (N.D.1981). When initially awarding custody, the trial judge determines the single issue of the child's best interests. Sec. 14–09–06.1, N.D.C.C. When modifying custody, the trial judge must determine two issues: whether or not there has been a significant change of circumstances since the original divorce decree and custody award and, if so, whether or not those changed circumstances are such that a change in custody fosters the best interests of the child. [Citations omitted.]

> \*   \*   \*   \*   \*   \*

> "The change of circumstances must not only be significant, but it must also indicate that modifying custody will promote the children's best interests." 338 N.W.2d at 654–655.

The burden of showing a change of circumstances which affects the best interests of the child and requires a change in custody is on the party seeking modification. *Lapp v. Lapp*, 336 N.W.2d 350 (N.D.1983). On appeal, this court will not set aside the trial court's determination unless it is clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Ebertz, supra; Lapp, supra.*

Following a hearing on Lawrence's motion, the trial court made the following oral findings from the bench:

"THE COURT: The situation was originally in this case that I was faced with a decision as to which of two people should have custody within the context of the divorce proceeding. I was further faced with the situation in which it appeared to me that both parties were capable of caring for children, but neither had been demonstrating any willingness to do that in the past.

\* \* \* \* \* \*

"My view of the matter was, and still is, while Mr. Koller seems to be a pleasant enough man and rather articulate and, again, has the capability of being a parent, his entire history is to the contrary. When given the opportunity to do that, he never has. I have no reason to think that he would not continue in that manner.

"My view is that there is a highly realistic possibility here, from the standpoint of the children, that Mrs. Koller is either going to cope with it or parental rights will be terminated,[1] but from what I hear from the witness stand today, Social Services is not of that view yet...."

In addition to its oral findings, the trial court made the following written findings:

"Having considered all of said evidence, and the provisions of § 14–05–22 and 14–09–06.2 NDCC, the Court finds that there has not been any change of circumstances of the parties since the entry of the original Divorce and Child Custody Decree in the above-entitled divorce action sufficient to warrant a change in the custody of the minor children of the parties or the other provisions relating to child custody, visitation and support contained in the original Judgment herein. Having considered all of the factors listed in § 14–09–06.2 NDCC, the Court further finds that it is in the best interests of the minor children of the parties to remain in the custody of the Plaintiff, Barbara Koller subject to all of the same terms and conditions set forth in the original Judgment herein."

■ Rule 52(a), N.D.R.Civ.P., requires the trial court to "find the facts specially." The purpose of the rule is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for its conclusions of law and judgment. See *DeForest v. DeForest*, 228 N.W.2d 919 (N.D.1975). Although more comprehensive findings by the trial court would have aided the process of judicial review in this case, the findings are minimally sufficient to enable this court to understand the rationale behind the court's denial of Lawrence's motion.

■ Lawrence also asserts that the trial court's findings are so unsupported by the evidence as to make them clearly erroneous. We disagree. We have reviewed the record and we are not convinced that the trial court made a mistake in denying Lawrence's motion. It is sufficient, without going into detail, to note that there is substantial evidence in the record to support the trial court's determination that there has not been a change of circumstances so significant as to require a change of custody from Barbara to Lawrence.

The order is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

1. Whether or not the trial court failed to recognize the possibility of placing custody of the children with Lawrence as an alternative to terminating parental rights is an issue not before us at this time. The findings in the original divorce decree as well as in the order before us do not fully explain the court's observation that Lawrence's history does not indicate he would be a proper custodial parent.