2012 ND 257

**MAYPORT FARMERS CO–OP,**
**Plaintiff and Appellant**

v.

**ST. HILAIRE SEED COMPANY, INC.,**
**Defendant and Appellee.**

**No. 20120202.**

Supreme Court of North Dakota.

Dec. 18, 2012.

William J. Brudvik (argued) and Lynn Erin Slaathaug Moen (appeared), Mayville, ND, for plaintiff and appellant.

Christopher Michael McShane, West Fargo, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] MayPort Farmers Co–Op appeals from the judgment entered after trial and from the district court's order denying MayPort's motion to amend findings of fact and conclusions of law and to amend judgment. We affirm, concluding the district court's findings of fact were not clearly erroneous and the district court did not abuse its discretion by denying MayPort's motion to amend.

I

[¶ 2] MayPort sued St. Hilaire Seed Co., Inc., alleging St. Hilaire owed MayPort money for storage of edible beans St. Hilaire purchased from MayPort. MayPort contracts with various growers to buy edible beans. MayPort receives the beans, cleans them and prepares them for transportation. These beans are sold to bean buyers such as St. Hilaire. St. Hilaire markets the beans to end users such as bean packaging or bean canning plants. St. Hilaire then instructs MayPort to ship the beans to St. Hilaire's customers. If St. Hilaire does not find a buyer for the beans bought from MayPort, MayPort holds the beans in storage. If MayPort was unable to fill an order from St. Hilaire, St. Hilaire would not send shipping instructions. MayPort's claim for storage fees arose from beans St. Hilaire purchased from MayPort from the 2008 harvest. MayPort had shipment delays in the winter of 2008 and spring of 2009 because of installation of new equipment, cold and wet weather and lack of rail access in the spring. Consequently, St. Hilaire never sent shipping instructions for some beans stored by MayPort.

[¶ 3] MayPort billed St. Hilaire for storage of the beans, and St. Hilaire disputed the charges. MayPort sued St. Hilaire. St. Hilaire counterclaimed, alleging a shipment of beans from MayPort was contaminated. The district court found the contract between MayPort and St. Hilaire did not contain a provision regarding storage charges. The district court concluded "usage of trade" applied as a gap-filler and found industry custom and standards rendered storage charges inappropriate because MayPort's inability to perform caused the need for storage. The district court dismissed MayPort's complaint and St. Hilaire's counterclaim. MayPort filed a motion to amend the district court's findings of fact and conclusion of law and to amend judgment, which the district court denied.

II

[¶ 4] MayPort argues the district court clearly erred by finding MayPort's inability to ship when requested caused the beans to remain in storage past the contracted shipping dates. "This Court's review of a district court's findings of fact in a bench trial is governed by the clearly erroneous standard under N.D.R.Civ.P. 52(a)." *Wheeler v. Southport Seven Planned Unit Dev.*, 2012 ND 201, ¶ 23, 821 N.W.2d 746. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if . . . on the entire evidence this Court is left with a definite and firm conviction a mistake has been made." *Id.* (quotation omitted). "We do 'not reweigh evidence or reassess witness credibility when the evidence supports the court's findings.'" *Id.* (quotation omitted).

[¶ 5] MayPort argues this Court should use a less deferential standard of review when reviewing a district court's findings based on documentary evidence. We disagree. The district court's findings were not based solely on documentary evidence. The findings also were based on testimony from multiple witnesses. Fur-

thermore, the clearly erroneous standard "governs appellate review of factual findings based upon documentary evidence as well as live testimony." *Hanson v. Williams Cnty.*, 452 N.W.2d 313, 315 (N.D. 1990).

[¶ 6] MayPort argues the district court's finding was clearly erroneous because it was based on the testimony of Craig Anderson, the general manager of St. Hilaire, without other supporting documentary evidence or testimony. Jeff Chandler, MayPort's plant manager, testified MayPort was able to ship beans during January, February and March of 2009, but never received shipping instructions from St. Hilaire. Anderson testified MayPort was unable to process orders due to the replacement of MayPort's black bean mill, cold and wet weather and lack of rail service. Although Chandler testified MayPort was able to ship, he conceded MayPort was unable to ship at certain times. Chandler admitted MayPort could not ship for several weeks because its mill was being replaced and that on at least one occasion, he told Anderson it was too cold to clean and prepare beans for shipment. Further testimony established the railroad track servicing MayPort was out of service for a period of time in the spring of 2009.

[¶ 7] "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the district court." *Knudson v. Kyllo*, 2012 ND 155, ¶ 9, 819 N.W.2d 511. While Anderson's testimony differed from Chandler's, this Court does not "reweigh conflicts in the evidence" and gives "due regard to the district court's opportunity to judge the credibility of the witnesses." *Id.* We conclude the district court's finding is supported by sufficient evidence and is not clearly erroneous.

## III

[¶ 8] MayPort argues the district court abused its discretion by denying the motion to amend the findings of fact and conclusions of law and to amend judgment because it ignored an admission of material fact made by St. Hilaire concerning the amount owed to MayPort. "On a party's motion filed no later than 28 days after notice of entry of judgment, the court may amend its findings, or make additional findings, and may amend the judgment accordingly." N.D.R.Civ.P. 52(b). "The trial court's decision on a motion to alter or amend a judgment rests in its sound judgment and will not be reversed on appeal unless there is a manifest abuse of discretion." *McGhee v. Mergenthal*, 2007 ND 120, ¶ 9, 735 N.W.2d 867. Similarly, "[a] decision on a motion under N.D.R.Civ.P. 59 is within the sound discretion of the trial court, and denial of a motion under N.D.R.Civ.P. 59 will not be reversed, absent a manifest abuse of discretion." *Jarvis v. Jarvis*, 1998 ND 163, ¶ 8, 584 N.W.2d 84. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *McGhee*, at ¶ 9.

[¶ 9] MayPort argues the district court disregarded the testimony of Julie Anderson, the operations manager of St. Hilaire, and ignored the evidence contained in a document introduced at trial by St. Hilaire. Julie Anderson testified about exhibit 123, a spreadsheet she prepared reflecting storage charges claimed by MayPort. Exhibit 123 reflected the storage charges MayPort claimed were owed, as well as what charges St. Hilaire agreed were valid. The document was created

during the party's attempted settlement of the dispute.

[¶ 10] A hearing was held on May-Port's motion to amend. The district court stated:

"Okay. All right. And I have reviewed this matter and taking into consideration the arguments of counsel here. To me 123 was an attempt to resolve this matter before it went to court and I think several times during the course of the trial Mr. Brudvik [MayPort's counsel] objected to certain exhibits coming in because they were in fact attempts at resolution and should not have been admitted. But to the Court this was clearly offered as an attempt to resolve this and nothing more. I didn't—in viewing this whole thing, I didn't view it as an admission that they were agreeing to paying storage charges if in fact they weren't going to get paid on their Counterclaim. So I'm going to deny the motion to amend here."

MayPort argues the district court's failure to address the alleged admission of a material fact was erroneous and the district court abused its discretion by failing to amend the findings of fact and the judgment to reflect the admission.

■■■ [¶ 11] We disagree. Exhibit 123 and the testimony of Julie Anderson were not admissions of liability, but instead illustrated attempts to negotiate a settlement. The district court found no settlement agreement was reached. The district court reasonably determined exhibit 123 was not an admission of material fact. We conclude the district court did not abuse its discretion by denying MayPort's motion to amend the findings of fact and conclusions of law and to amend judgment.

## IV

[¶ 12] We conclude the district court's findings of fact were not clearly erroneous. We also conclude the district court did not abuse its discretion by denying MayPort's motion to amend the findings of fact and conclusions of law and to amend judgment. Therefore, we affirm the district court's judgment and the district court's order denying MayPort's post-judgment motion.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.