2013 ND 189

**The STATE of North Dakota, ex rel. The CITY OF MARION, Plaintiff and Appellee**

v.

**Larry ALBER, Defendant and Appellant.**

No. 20130094.

Supreme Court of North Dakota.

Oct. 22, 2013.

Delvin J. Losing (argued), Casselton, N.D. and Andrew D. Cook (appeared),

West Fargo, N.D., for plaintiff and appellee.

Sean T. Foss, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Larry Alber appeals from a district court order finding him in contempt and requiring him to pay attorney fees to the City of Marion.  We affirm, concluding the district court did not abuse its discretion in finding Alber in contempt.

I

[¶ 2]   In February 2003, the City brought a nuisance action against Alber, seeking the removal and proper storage of abandoned vehicles on his property.  In that proceeding, the district court found the vehicles were a public nuisance and ordered they either be removed or be lawfully maintained.

[¶ 3]   In October 2012, the City brought this contempt proceeding against Alber, alleging his property failed to conform with the 2003 judgment.  Alber testified at a contempt hearing, claiming he believed the prior order had been satisfied in 2003 when he crushed almost 60 vehicles and hired an attorney to send the City a letter to ensure compliance.  He testified there was no response from the City until he received a letter in June 2012 asking him to clean up his property.  After receiving the letter, Alber informed the town board members he had suffered a rotator cuff injury and his doctor had not yet cleared him for physical work, so he would be unable to do the necessary clean-up until August.  He testified that on August 25 he contacted a Jamestown company to rent a crusher and that during the fall, four semi-loads of cars were removed from his property and crushed.  He testified he intend-

ed to have the crusher return in the spring because it was difficult to complete necessary prep work on the remaining vehicles during the winter.

[¶ 4] Following the contempt hearing, the district court found Alber in contempt for violating the 2003 judgment. The court found the vehicle storage areas on Alber's property were overgrown with weeds, and trees had taken root around many of the vehicles. The court stated, "Common sense reveals that wild animals must be present as well." The court further found Alber had not established he was unable to abide by the 2003 judgment. The court said Alber's physical complications may have limited his ability to personally prepare the vehicles for crushing, but those obstacles were insufficient to justify non-compliance, and others could have performed the services for a fee. The court ordered Alber to remove all nuisance vehicles from his property and awarded the City attorney fees.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 27–10–01.2. Alber's appeal is timely under N.D.R.App.P. 4(c). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 27–10–01.3(3), 28–27–01, and 28–27–02.

## II

[¶ 6] Alber argues the evidence presented at the contempt hearing is insufficient to clearly establish contempt, because the evidence does not show he willfully and intentionally failed to abide by the 2003 judgment. To support this contention, he argues he was physically unable to perform remediation during the time requested by the City in 2012, but once able, he made good-faith efforts to clean up his property. Alber also argues his neglect was not willful, because he reasonably believed he had complied with the clean-up order through his efforts in 2003.

[¶ 7] We have outlined the standards when a party seeks sanctions for contempt:

A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed. *Berg v. Berg*, 2000 ND 37, ¶ 10, 606 N.W.2d 903; *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499. "Under N.D.C.C. § 27–10–01.1(1)(c), 'contempt of court' includes 'intentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.' " *Harger v. Harger*, 2002 ND 76, ¶ 14, 644 N.W.2d 182. "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Harger*, at ¶ 14; *see also Berg*, at ¶ 10; N.D.C.C. § 27–10–01.1(4). . . . Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion. *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. "[A] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Id.*

*Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693. We have explained that the district court " 'has broad discretion in deciding whether to hold a person in contempt,' " *Woodward v. Woodward*, 2009 ND 214, ¶ 6, 776 N.W.2d 567 (quoting *Graner v. Graner*, 2007 ND 139, ¶ 32, 738 N.W.2d 9), and this Court's review of the district court's determination on contempt "is very limited," *Glas-*

*ser v. Glasser*, 2006 ND 238, ¶ 12, 724 N.W.2d 144.

*Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378.

■ [¶ 8] Alber argues the district court abused its discretion by finding him in contempt of court, because he was physically unable to perform remediation during the timetable requested by the City.

[¶ 9] The evidence does not support Alber's argument. The district court found that while his physical problems may have limited his ability to personally perform the labor necessary to prepare the vehicles for crushing, those limitations did not lead to an inability to comply with the judgment, because others could have performed those services for a fee. Alber did not present any evidence to show it was financially impossible for him to hire someone to do the work, nor has he shown no one was available. We cannot conclude the district court abused its discretion.

■ [¶ 10] Alber also argues his non-compliance was not willful, because he reasonably believed he had complied with the clean-up order after taking actions to clean the property in 2003. These actions included crushing almost 60 vehicles and hiring an attorney to send the City a letter ensuring compliance. He claims he did not hear back from the City until 2012 and therefore assumed his actions in 2003 had been sufficient.

[¶ 11] Alber acknowledged at oral argument that once the district court issues an order, he has an on-going obligation to comply. *See State v. Heath*, 177 N.W.2d 751, 756 (N.D.1970) (affirming finding of contempt for violation of permanent restraining order). This is true even if Alber satisfactorily cleaned his properties back in 2003.

[¶ 12] The City presented evidence of non-compliance in 2012. Alber testified the situation did "get away" from him because of medical problems he has suffered since 2006. Additionally, the district court found the City's evidence established that the areas around his vehicles were overgrown with weeds and that trees had taken root around many of the vehicles. The court also found that wild animals must be present, indicating inoperable vehicles had been in place for a long time in both sheltered and non-sheltered areas. This supports the district court's finding Alber's contempt was willful.

[¶ 13] There was sufficient evidence at the contempt hearing for the district court to find the City clearly proved contempt. Likewise, the district court's finding is supported by the evidence and inferences from the evidence. Alber's non-compliance with the 2003 judgment was willful. The court did not abuse its discretion by finding Alber in contempt.

### III

■ [¶ 14] Alber also argues the district court failed to make adequate findings of fact and conclusions of law under N.D.R.Civ.P. 52(a)(1) to provide for appellate review. He contends Rule 52(a)(1) applied to the contempt hearing and required the district court to find the facts specially and state its conclusions of law separately because the contempt hearing was the equivalent of a bench trial.

[¶ 15] We recently explained N.D.R.Civ.P. 52(a)'s application:

Rule 52(a), N.D.R.Civ.P., requires the district court to "find the facts specially." We have stated, "The purpose of the rule is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for its conclusions of law and judgment." *Koller v. Koller*, 377 N.W.2d 130, 131 (N.D.1985) (citing *DeForest v. DeForest*, 228 N.W.2d 919

(N.D.1975)).... In previous cases, we have concluded sparse findings were "minimally sufficient" when they "enable this Court to understand the rationale behind the court's" decision. *Koller*, 377 N.W.2d at 131; *see also Voth v. Voth*, 305 N.W.2d 656, 659 (N.D.1981) (findings were "minimumly adequate" when the Court could "understand what the trial court intended with respect to each of the [best interests] factors").

*Sorenson v. Slater*, 2010 ND 146, ¶ 10, 786 N.W.2d 739. *See also Erickson v. Brown*, 2012 ND 43, ¶ 8, 813 N.W.2d 531 (an order is adequate under N.D.R.Civ.P. 52(a)(1) when it provides an understanding of the factual basis for the district court's decision).

[¶ 16] In this case, the district court found, "The evidence is clear that Alber has not complied with the judgment, and the lack of compliance is contempt of the court order contained in the judgment." The court also held, "Alber has not shown an inability to comply with the judgment." These statements clearly demonstrate the basis for the district court's decision. The court's findings of fact and conclusions of law are sufficient under *Slater*, 2010 ND 146, ¶ 10, 786 N.W.2d 739.

## IV

[¶ 17] Alber also argues for the first time on appeal that the district court erroneously allowed the introduction of post-hearing evidence by the City.

[¶ 18] The City attached to its post-hearing brief a letter from its former attorney, an affidavit from the city auditor, and minutes from various city council meetings. Alber argues the submission of that evidence denied him a full opportunity to explain and defend himself, as well as the right to a fair hearing. This error, he claims, renders the contempt order invalid.

[¶ 19] "It is well-established that issues which are not raised before the district court ... will not be considered for the first time on appeal." *State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497 (quotation omitted). Although Alber contends it was difficult to object to that post-hearing evidence because it was received so late in the proceedings, there were procedures available for Alber to object to the district court, such as a motion to strike. Further, the record does not reflect the district court relied upon this evidence. We conclude there was no reversible error by the district court.

## V

[¶ 20] Finally, the City asks for attorney's fees on appeal under N.D.C.C. § 27–10–01.4(1)(a) or, alternatively, under N.D.R.App.P. 38. We conclude the City is not entitled to attorney's fees for this appeal under either N.D.C.C. § 27–10–01.4(1)(a) or N.D.R.App.P. 38. Alber's appeal and arguments are not flagrantly groundless or factually and legally devoid of merit so as to be frivolous under Rule 38, N.D.R.App.P. Nor is the City entitled to reimbursement under section 27–10–01.4(1)(a), because this provision does not apply to attorney's fees on appeal. *See Holkesvig v. Welte*, 2012 ND 14, ¶¶ 12–14, 809 N.W.2d 323 (denying costs of defending the appeal under N.D.R.App.P. 38 and remanding to determine whether remedial sanction under N.D.C.C. § 27–10–01.4(1)(a) was appropriate).

## VI

[¶ 21] We affirm the district court order.

[¶ 22] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.