2016 ND 9

**STATE of North Dakota, Plaintiff and Appellee**

v.

**1998 JEEP GRAND CHEROKEE AUTOMOBILE,                    VIN: 1J4GZ78Y5WC143664,    $618    United States Currency, Defendants**

and

**Mark Matuska, Interested Party and Appellant.**

No. 20150270.

Supreme Court of North Dakota.

Jan. 14, 2016.

Justin J. Schwarz (argued), Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Mark Matuska (on brief), self-represented, Bismarck, N.D., interested party and appellant.

McEVERS, Justice.

[¶ 1] Mark Matuska, registered owner of a 1998 Jeep Grand Cherokee, appeals from a district court's amended judgment in a civil forfeiture action. Matuska argues the district court abused its discretion in amending the judgment. Additionally, he argues N.D.C.C. § 19–03.1–36(1)(e) does not authorize the forfeiture of the contents of the vehicle or the $618.

We vacate the amended judgment and dismiss the remainder of the appeal as barred by res judicata.

## I

[¶ 2] According to the district court filings, Matuska was arrested during a controlled narcotics buy. The State filed a complaint seeking to forfeit the vehicle used in the offense and $618 found in the vehicle and on Matuska during his arrest. Matuska answered, arguing that the currency law enforcement officers seized was not used as "buy money" and not subject to forfeiture.

[¶ 3] On October 6, 2014, after an evidentiary hearing, the district court entered judgment forfeiting the vehicle and currency. On October 24, 2014, the State filed notice of entry of judgment with the district court. On November 14, 2014, Matuska timely appealed from the district court's judgment forfeiting his vehicle and currency. For unknown reasons, Matuska moved to voluntarily dismiss his appeal to this Court. On February 13, 2015, this Court dismissed his appeal.

[¶ 4] On July 15, 2015, without a notice or motion, the State filed proposed amended findings of fact, conclusions of law, order for judgment, and judgment to include the vehicle identification number ("VIN"). The proposed order also included forfeiture of the contents of the vehicle. On July 17, 2015, the district court entered its amended findings of fact, conclusions of law, and order for judgment to include the VIN and forfeiture of the contents of the vehicle, and entered its amended judgment to include the VIN. After the amended judgement was entered, Matuska, by letter, demanded that his personal property seized within the vehicle be returned, stating in further correspondence he intended to appeal. Matuska appeals from the district court's amended judgment.

## II

[¶ 5] Matuska argues the district court abused its discretion in amending the judgment. Further, he argues the district court erred in amending the order for judgment to include forfeiture of the contents of the vehicle. The State argues the amended filings were intended to correct a clerical error omitting the VIN from the initial judgment.

[¶ 6] A district court's authority to correct mistakes in an order or judgment is governed under N.D.R.Civ.P. 60(a). Rule 60(a), N.D.R.Civ.P., provides in part:

*(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.* The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, *with notice.*

(Emphasis added). This Court explained the purpose and limitations of N.D.R.Civ.P. 60(a) in *Fargo Glass and Paint Co. v. Randall:*

"Generally, Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced. We believe it clear that Rule 60(a) was not designed to affect substantive portions of a judgment or order, nor to act as a substitute for appeal. The rule is appropriately utilized only for 'the correction of irregularities which becloud but do not impugn the judgment.' *United States v. Stuart,* 392 F.2d 60, 62 (3d Cir.1968). The problem is essentially one of characterization. *Kelly [Kelley] v. Bank Building and Equipment Corporation of America,* 453 F.2d 774, 778 (10th Cir.1972).

It must be determined 'whether a substantive change or amendment was made or whether the amended conclusions and judgment were in the nature of corrections.' *Kelley, supra.*

A court may correct, pursuant to Rule 60(a), errors created by oversight or omission that cause the judgment to fail to reflect what was intended at the time of trial. However, Rule 60(a) is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done."

2004 ND 4, ¶ 5, 673 N.W.2d 261 (quoting *Gruebele v. Gruebele,* 338 N.W.2d 805, 811–12 (N.D.1983)). The trial court's decision to alter or amend a judgment rests in its sound judgment and will not be reversed on appeal unless there is a manifest abuse of discretion. *MayPort Farmers Co–Op v. St. Hilaire Seed Co.,* 2012 ND 257, ¶ 8, 825 N.W.2d 883. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Id.*

[¶ 7] Here, the State failed to notice or file a motion to amend the order or judgment as required under Rule 60(a), N.D.R.Civ.P. The State merely filed proposed amended findings of fact, conclusions of law, order for judgment, and judgment more than nine months after the district court entered its initial order and judgment forfeiting the vehicle and currency. The State contends the purpose of the amended filings was to correct a clerical error by adding the VIN, which was omitted in the initial judgment. However, in addition to including the VIN in the proposed amended filings, the State also included in its proposed amended order for judgment that the contents of the vehicle were subject to forfeiture. The State did not file a motion or brief explaining why the contents of the vehicle are subject to forfeiture, nor did the district court ask for an explanation. Moreover, the State conceded at oral argument that the initial judgment did not include the contents of the vehicle and that the contents of the vehicle should have been returned to him.

[¶ 8] The district court amended its findings of fact, conclusions of law, order for judgment, and judgment three days after receiving the State's proposed amended filings. While the omission of the VIN from the initial judgment may indeed constitute a clerical error, the State did not notice or file a motion to correct the judgment under N.D.R.Civ.P. 60(a). Additionally, the State's attempt to modify the order for judgment to include the contents of the vehicle clearly affects a substantive portion of the initial order for judgment. Rule 60(a), N.D.R.Civ.P., does not permit the State to inexplicably attempt to amend what the district court deliberately subjected to forfeiture in its initial order for judgment.

[¶ 9] We conclude the district court abused its discretion because it misapplied the law by not following the procedural requirements for correcting a judgment or an order under N.D.R.Civ.P. 60(a). Therefore, we vacate the amended order for judgment and amended judgment.

### III

[¶ 10] Matuska argues N.D.C.C. § 19–03.1–36(1)(e) does not support the district court's forfeiture of the currency.

[¶ 11] Section 19–03.1–36(1), N.D.C.C., provides in pertinent part:

1. The following are subject to forfeiture:

   a. All controlled substances which have been manufactured, distribut-

ed, dispensed, or acquired in violation of the chapter.

. . .

e. All conveyances, including . . . vehicles . . . which are used, or intended for use, to transport, or in any manner facilitate the transportation, for the purpose of sale or receipt of property described in subdivision a. . . .

. . .

h. All money, coin, currency, and everything of value furnished, or intended to be furnished, in exchange for a controlled substance . . . and all real and personal property, assets, profits, income, proceeds, or an interest therein, acquired or derived from the unlawful purchase, attempted purchase, delivery, attempted delivery, manufacturing, or attempted manufacturing of any controlled substance. . . .

However, we do not address Matuska's argument.

[¶ 12] "'Res judicata, or claim preclusion, . . . prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction.'" *Estate of Schmidt*, 1997 ND 244, ¶ 9, 572 N.W.2d 430 (quoting *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D.1992)). This Court explained in *Estate of Schmidt* that prior dismissal of an appeal renders the order final and res judicata of all issues therein. 1997 ND 244, ¶ 10, 572 N.W.2d 430; *see also Schnell v. Schnell*, 252 N.W.2d 14, 17 (N.D.1977) ("The dismissal of an appeal makes the judgment final and res judicata.").

[¶ 13] On November 14, 2014, Matuska timely appealed from the initial judgment forfeiting the vehicle and currency. On February 13, 2015, on Matuska's motion, this Court voluntarily dismissed his appeal. Therefore, additional challenges to the forfeiture of the vehicle and currency are barred by res judicata.

IV

[¶ 14] We do not address Matuska's remaining arguments because they are unnecessary to this decision. We vacate the amended judgment and dismiss the appeal in part as barred by res judicata.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.