# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 267

The State of North Dakota,
ex rel. The City of Marion,                                    Plaintiff and Appellee

v.

Larry Alber,                                                   Defendant and Appellant

No. 20180074

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Delvin J. Losing, City Attorney, Casselton, N.D., for plaintiff and appellee.

Larry Alber, self-represented, Marion, N.D., defendant and appellant.

**Tufte, Justice.**

[¶1] Larry Alber appeals from a January 2018 order amending a 2013 order which found Alber in contempt for failure to abate a nuisance on his property in compliance with the October 2003 judgment. He argues that the judgment was satisfied when he filed reports of compliance with the district court and thus the property no longer contains a nuisance subject to abatement. The City of Marion ("City") argues the district court properly amended the 2013 order. We conclude the district court did not err in amending its order to clarify that the nuisance on the property remained subject to abatement after Alber's conveyance of the property. We affirm the district court's amended order.

I

[¶2] In 2003, the district court declared unsheltered vehicles on Alber's property to be a public nuisance in violation of City of Marion Ordinance 28. In 2013, Alber was found in contempt of the 2003 judgment's requirement that he abate the nuisance. This Court affirmed the contempt finding on appeal. *State ex rel. City of Marion v. Alber*, 2013 ND 189, 838 N.W.2d 458. In March 2014, Alber moved the district court to reconsider the order under N.D.R.Civ.P. 60(b)(6). The motion was denied by the district court on May 7, 2014. Alber did not appeal the 2014 order. Alber then filed a "Report of Compliance" on May 26, 2014. The City filed objection to the report of compliance, and no action was taken by the court. On November 21, 2016, the City gave Alber notice that "it would be entering his property to dispose of the junked vehicles." On December 4, 2016, Alber conveyed by quit claim deed the property at issue to his children, Amy Vanderpool and Jonathan Alber. Seeking to prevent the City from coming onto the property until the dispute was resolved, Alber filed a Motion for Injunctive Relief on December 19, 2016. The motion was denied in

January 2017. In July 2017, the City filed a motion to amend the 2013 Order. The motion requested the district court to add the language in italics to the 2013 contempt order:

> It is the further Order of the Court as a remedial sanction that any vehicles not so disposed of by Alber at the expiration of sixty days from the lifting of the road restrictions may be removed from any of Alber's properties, *including property in the City of Marion Alber conveyed subsequent to February 22, 2013,* and disposed of according to law. The City shall be allowed to enter any of Alber's properties, *including property in the City of Marion conveyed by Alber subsequent to February 22, 2013,* to remove and dispose of the vehicles.

[¶3]    Alber and the City both appeared with counsel for a hearing on the City's motion. An order granting the City's motion and amending the order as requested was entered on January 29, 2018. Alber then timely appealed to this Court.

II

[¶4]    The City's motion to amend the 2013 order cited only N.D.R.Civ.P. 60(b)(6) as authority permitting the amendment. Rule 60(b)(6) does not authorize the procedure used here. Rule 60(b)(6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Rule 60(b)(6) does not grant the district court power to "impose further affirmative relief in addition to that already contained in the prior judgment," but only to set aside a prior judgment. *Bender v. Beverly Anne, Inc.*, 2002 ND 146, ¶ 19, 651 N.W.2d. 642 (citing *McKenzie Cty. Soc. Serv. Bd. v. C.G.*, 2001 ND 151, ¶ 20, 633 N.W.2d 157).

[¶5]    Additionally, because N.D.R.Civ.P. 60(b) is identical to Fed.R.Civ.P. 60(b), the federal court interpretations of Fed.R.Civ.P. 60(b) are highly persuasive. *C.G.*, 2001 ND 151, ¶ 20, 633 N.W.2d 157 (citing *Mid-Dakota Clinic, P.C. v. Kolsrud*, 1999 ND 244, ¶ 6, 603 N.W.2d 475). "Under Rule 60(b), the district court may grant relief from a final order or judgment for mistake . . . only to set aside a prior order or judgment. It cannot be used to impose additional affirmative relief." *Adduono v. World Hockey Ass'n*, 824 F.2d 617, 620 (8th Cir. 1987). Neither the state nor federal

2

rule authorizes amendments providing additional affirmative remedies. The City cited no other authority to the district court in support of its requested amendment.

[¶6] We will not reverse a district court decision solely because the court relied on the wrong statute or rule if the result is the same under the correct law and reasoning. *State v. Cook*, 2018 ND 100, ¶ 25, 910 N.W.2d 179. Here, the district court reached the correct result, but for the wrong reason.

[¶7] The district court may amend an order at any time to "speak the truth" under Rule 60(a). *State v. 1998 Jeep Grand Cherokee*, 2016 ND 9, ¶ 6, 873 N.W.2d 672. Whether the amendment here was proper turns on whether the amendment provided additional relief or merely amended the 2013 order to more clearly speak the truth. The district court correctly identified and applied N.D.C.C. § 42-01-13, under which the legal effect of the amended order is unchanged and is simply more clearly described. Under N.D.C.C. § 42-01-13, "[e]very successive owner of property who neglects to abate a continuing nuisance upon or in the use of such property created by a former owner is liable therefor in the same manner as the one who first created it." Thus, despite Alber's conveyance of the property subject to the abatement, the City could enforce the 2013 order. There is no dispute that the "property in the City of Marion conveyed by Alber subsequent to February 22, 2013" is the same property already subject to the 2013 order containing the nuisance vehicles. Because the 2013 order remains in effect and because the amended order simply more clearly describes the same property already subject to the 2013 order, the amendment was proper under Rule 60(a).

[¶8] Alber also argues he has complied with the 2013 order. He raised this argument when he appealed the 2013 order to this Court and we affirmed the district court. Therefore, this argument is foreclosed under the principles of *res judicata*. Moreover, Alber never appealed the 2014 order denying his motion to reconsider. Because the time for appealing from that order has passed, N.D.R.App.P. 4(a), any argument regarding compliance with the 2014 order is also foreclosed. Alber

3

conceded at oral argument that he is still operating the business that created the nuisance.

III

[¶9] We affirm the district court's amended order.

[¶10] Jerod E. Tufte
Jon J. Jensen
Lisa Fair McEvers
Gerald W. VandeWalle, C.J.

**Crothers, Justice, dissenting.**

[¶11] I respectfully dissent.

[¶12] In 2017 the district court amended its 2013 contempt order to cover "property in the City of Marion Alber conveyed subsequent to February 22, 2013," and allowing entry to "property in the City of Marion conveyed by Alber subsequent to February 22, 2013." Majority opinion, at ¶ 2. The majority approves this amendment as allowing the judgment to "speak the truth." *Id.* at ¶ 7. I suggest the contrary is occurring because this is in *in personam* (not an *in rem* proceeding), and the amended judgment extends the contempt order to the new property owners. Yet those legal strangers to this suit were merely given notice of the hearing, and copies of the motion to amend and briefs. The new owners were not served with process, they were not made defendants, and their apparent contemptuous act was coming into ownership of property that was subject to a prior court order.

[¶13] I would reverse the district court's order amending the 2013 order and prevent the City and the district court from expanding the 2013 order without first affording the new owners a modicum of due process.

[¶14] Daniel J. Crothers

4