# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 289

State of North Dakota, ex rel, City of Marion,                    Plaintiff and Appellee

     v.

Larry Alber,                    Defendant and Appellant

No. 20190170

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Delvin J. Losing, City Attorney, Casselton, ND, for plaintiff and appellee.

Larry Alber, self-represented, Marion, ND, defendant and appellant.

**Jensen, Justice.**

[¶1]   Larry Alber appeals from a district court order denying his motion for injunctive relief against the City of Marion. Alber also appeals from an order denying his motion for reconsideration. We affirm, concluding the court did not abuse its discretion in denying Alber's motions.

I

[¶2]   In 2003, the City sued Alber, alleging certain abandoned vehicles on Alber's property violated a City ordinance and were a public nuisance. The district court entered a judgment against Alber finding the vehicles on Alber's property were a public nuisance. The judgment required Alber to remove or lawfully maintain the vehicles.

[¶3]   In 2013, the district court found Alber in contempt for violating the 2003 judgment's requirement that he maintain the vehicles or remove them from his property. The court ordered Alber to remove all nuisance vehicles from his property.  The court also ordered that any vehicles not removed by Alber could be removed by the City.  This Court affirmed the contempt order on appeal. *State ex rel. City of Marion v. Alber*, 2013 ND 189, ¶ 21, 838 N.W.2d 458.

[¶4]   In March 2014, Alber moved the district court to reconsider the order under N.D.R.Civ.P. 60(b)(6). The motion was denied by the court in May 2014. Alber did not appeal the order. Alber then filed a "Report of Compliance," claiming he had complied with the 2003 judgment, the 2013 contempt order, and the May 2014 order denying Alber's motion for reconsideration. Alber's report did not request any relief from the court. The City filed an objection to the report, and no action was taken by the court.

[¶5]   In December 2016, Alber moved for injunctive relief, requesting a temporary restraining order prohibiting the City from entering his property to remove nuisance vehicles. The district court denied Alber's motion, concluding

1

he made the same request in his March 2014 motion to reconsider the contempt finding. Alber did not appeal the order denying injunctive relief.

[¶6] In January 2018, the district court issued an order amending the 2013 contempt order. The order clarified the property subject to the contempt order. Alber appealed, and a majority of this Court affirmed the amended order. *State ex rel. City of Marion v. Alber*, 2018 ND 267, ¶ 9, 920 N.W.2d 739.

[¶7] In January 2019, Alber moved for injunctive relief, requesting a temporary restraining order prohibiting the City from entering his property to remove vehicles. The district court denied the motion, concluding the issue relating to Alber's nuisance vehicles had already been litigated and decided. Alber then moved for reconsideration, which the court denied.

II

[¶8] Alber argues the district court erred in denying his motion for injunctive relief and motion for reconsideration.

[¶9] Alber's brief raises arguments relating to the 2003 judgment and the subsequent orders relating to his contempt of the judgment. Those orders are not subject to review in this appeal. This appeal only involves a review of the district court's denials of Alber's January 2019 motion for injunctive relief and his motion for reconsideration.

[¶10] Injunctive relief is governed by N.D.R.Civ.P. 65, N.D.C.C. § 32-06-02, and N.D.C.C. ch. 32-05. "The granting of injunctive relief is equitable in nature and rests in the sound discretion of the district court, and we will not reverse a court's ruling on injunctive relief unless that discretion has been abused." *N.D. Private Investigative & Sec. Bd. v. TigerSwan, LLC*, 2019 ND 219, ¶ 14, 932 N.W.2d 756. A court abuses its discretion when it misinterprets or misapplies the law, it acts in an arbitrary, unreasonable, or unconscionable manner, or its decision is not the product of a rational mental process leading to a reasoned determination. *Desert Partners IV, L.P. v. Benson*, 2019 ND 19, ¶ 10, 921 N.W.2d 444.

2

[¶11] Alber filed both a motion and a complaint seeking injunctive relief. Alber's motion requested a temporary restraining order, and his complaint sought a preliminary injunction and a permanent injunction.

[¶12] "A temporary restraining order is short-lived injunctive relief that the court may issue with less notice than required for a preliminary injunction." N.D.R.Civ.P. 65(a). "It prevents irreparable injury until the court decides whether to issue a preliminary injunction." *Id.* A district court may issue a temporary restraining order if it finds appropriate injunction grounds, a clear need for immediate relief, and the moving party gave reasonable notice or made reasonable efforts to give notice to the opposing party. N.D.R.Civ.P. 65(a)(3). A court's discretion to grant or deny a preliminary injunction is based on the following factors: (1) substantial probability of succeeding on the merits; (2) irreparable injury; (3) harm to other interested parties; and (4) effect on the public interest. *Black Gold OilField Servs., LLC v. City of Williston*, 2016 ND 30, ¶ 12, 875 N.W.2d 515.

[¶13] Alber's motion for reconsideration cited N.D.R.Civ.P. 60(b)(3), (5), and (6), which authorize relief from an order for fraud or misrepresentation, the order has been satisfied, or for any other reason that justifies relief. A district court's denial of a motion for reconsideration under N.D.R.Civ.P. 60(b) will not be reversed on appeal absent an abuse of discretion. *Estate of Bartelson*, 2019 ND 107, ¶ 13, 925 N.W.2d 416.

[¶14] The district court denied Alber's motion for injunctive relief, stating "[t]he matter at issue has been previously litigated, the defendant has filed two appeals regarding the prior Court Orders and the North Dakota Supreme Court has affirmed the Orders of the District Court." The court also denied Alber's motion for reconsideration.

[¶15] Alber claims he is in compliance with the 2003 judgment and 2013 contempt order. Alber raised this argument in his earlier appeals. *See Alber*, 2018 ND 267, ¶ 8, 920 N.W.2d 739 (stating principles of *res judicata* barred Alber's compliance argument because it was raised in his appeal of the 2013 contempt order). As noted, our review here is limited to the district court's

denials of Alber's motion for injunctive relief and his motion for reconsideration, and res judicata precludes review of the court's earlier orders.

[¶16] As it relates to the denial of his motion for injunctive relief, Alber's brief fails to demonstrate that any of the injunctive relief factors weigh in his favor. He has not shown a substantial probability of succeeding on the merits, proof of irreparable injury, harm to other interested parties, and how the public interest would be benefited by the granting of injunctive relief. *See State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389 (stating this Court "will not consider an argument that is not adequately articulated, supported, and briefed"). We conclude the district court did not abuse its discretion in denying Alber's motion for injunctive relief and motion for reconsideration.

## III

[¶17] Alber's remaining arguments are not necessary to our decision or are without merit. The orders are affirmed.

[¶18] Jon J. Jensen
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Gerald W. VandeWalle, C.J.

4